
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NARJIT SINGH,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, JR., Attorney General,<br><br>Respondent. | No. 11-72177<br><br>Agency No. A070-541-436<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 11, 2014**
San Francisco, California

Before: O'SCANNLAIN, FISHER and HURWITZ, Circuit Judges.

Narjit Singh petitions for review of the Board of Immigration Appeals'

(BIA) decision affirming the Immigration Judge's (IJ) denial of his claims for

asylum, withholding of removal and relief under the Convention Against Torture

(CAT).  We deny the petition.

---

*This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

**The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

The BIA's adverse credibility determination is supported by substantial evidence. *See Cui v. Holder*, 712 F.3d 1332, 1336 (9th Cir. 2013); *Zamanov v. Holder*, 649 F.3d 969, 973 (9th Cir. 2011). Singh testified inconsistently regarding when he first encountered problems with the police because of his support for Shiromani Akali Dal Mann, first testifying the problems began in 1990 but later testifying that they began in 1987. Singh also testified inconsistently regarding the reasons for his 1991 arrest. In his asylum application, he asserted that he was arrested for participating in a militant attack in which police officers were killed. At his hearing before the IJ, he testified that he was arrested for hosting militants and supplying them with food. He also provided inconsistent testimony regarding his 1990 detention. In his asylum application, he asserted that both he and his father had been hung upside down, but he omitted that detail at his hearing before the IJ, even when pressed. These inconsistencies go to the heart of Singh's asylum claim and therefore support the adverse credibility determination. *See Singh v. Gonzales*, 439 F.3d 1100, 1108-09 (9th Cir. 2006).

Singh argues that the BIA erred by citing his failure to offer corroborating evidence as additional support for its adverse credibility determination. We agree. Under *Sidhu v. INS*, 220 F.3d 1085, 1091 (9th Cir. 2000), "[t]he petitioner must be given an opportunity at his IJ hearing to explain his failure to produce material

2

corroborating evidence."  That did not occur here.  This error, however, is not alone sufficient to set aside the adverse credibility finding.  *See Wang v. INS*, 352 F.3d 1250, 1259 (9th Cir. 2003) ("So long as one of the identified grounds is supported by substantial evidence and goes to the heart of [Singh's] claim of persecution, we are bound to accept the IJ's adverse credibility finding.").

**PETITION DENIED.**